**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM L. ENGLAND, | No.   15-15946 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:13-cv-00188-RCJ-VPC |
| LISA WALSH; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted February 15, 2018
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and NYE,[**] District Judge.

William England appeals the district court's decision granting summary

judgment in favor of Appellees, who are all employees of the Nevada Department

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

of Corrections ("NDOC"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Under the Free Exercise Clause of the First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, "[i]nmates . . . have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987). The district court did not err in concluding that Appellees did not violate England's Free Exercise rights because they provided him "with food sufficient to sustain [him] in good health that satisfie[d] the dietary laws of" the Nation of Islam, England's religion. *Id.* At all relevant times, Appellees gave England the option of eating a vegetarian meal—a diet the parties agree complies with England's religious dietary requirements. On appeal, England argues the vegetarian meal is not a viable option because it contains dairy and he is lactose intolerant. England failed adequately to raise this argument before the district court in his brief in response to Appellees' motion for summary judgment. *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that Rule 56 "requires that the adverse party's 'response,' not just the adverse party's various other papers, 'set forth specific facts' establishing a genuine issue

[of material fact].”). The argument is, therefore, deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

2. The district court also did not err in finding Appellees' failure to recognize the Nation of Islam in the NDOC Religious Practice Manual did not violate England's First Amendment rights. “In order to establish a free exercise violation, [England] must show [Appellees] burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith . . . .” *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). The failure to recognize the Nation of Islam in the Religious Practice Manual did not restrict England's religious practices. The record shows England was amply able to practice his religion while incarcerated. Moreover, England failed to articulate to the district court, or provide any evidence of, what religious conduct, mandated by his faith, he was unable to engage in.

3. Finally, to survive summary judgment on his equal protection claim, England was required to establish that he was not “afforded a reasonable opportunity to pursue his faith as compared to prisoners of other faiths,” *id.* at 737, and that prison officials “acted with an intent or purpose to discriminate against [him] based upon membership in a protected class.” *Hartmann v. Cal. Dep't of*

*Corr. Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (quoting *Thornton v. City of St. Helens,* 425 F.3d 1158, 1166 (9th Cir. 2005)). As explained above, England was afforded a reasonable opportunity to pursue his faith. Appellees gave England meals that complied with his religious requirements and, although Appellees did not list the Nation of Islam in the Religious Practice Manual, England was able to engage in his required religious practices along with the other religious sects present within the NDOC. Additionally, England did not demonstrate that defendants had an intent or purpose to discriminate against him based upon membership in a protected class. Furthermore, Defendants submitted uncontroverted evidence sufficient to establish that any disparate treatment of Jewish and Muslim inmates with regard to kosher meals was justified by a "legitimate penological interest" in controlling costs. *See Turner v. Safley,* 482 U.S. 78, 89 (1987).

**AFFIRMED.**